# EXHIBIT G

1  John R. Habashy, Esq. (SBN. 236708)
2  *john@lexiconlaw.com*
   Tiffany N. Buda, Esq. (SBN. 232679)
3  *tiffany@lexiconlaw.com*
   **LEXICON LAW, PC**
4  633 W. 5th Street, 28th Floor
   Los Angeles, CA 90071
5  Telephone: (213) 223-5900
   Facsimile: (888) 373-2107
6  *[Additional Counsel listed below]*

7  Attorneys for Plaintiff Lucine Trim and the Putative Class

8

9                  **UNITED STATES DISTRICT COURT**

10                **CENTRAL DISTRICT OF CALIFORNIA**

11                      **SOUTHERN DIVISION**

12  | LUCINE TRIM, | **CASE NO.: 8:20-cv-02251** |
13  | individually and on behalf of all others similarly situated, | |
    | | **COMPLAINT FOR VIOLATION OF THE** |
14  | | **TELEPHONE CONSUMER PROTECTION** |
    | Plaintiff, | **ACT, 47 U.S.C. SECTION 227, ET SEQ.** |
15  | | |
    | v. | **CLASS ACTION** |
16  | | |
    | NETWORK CAPITAL FUNDING | |
17  | CORPORATION, a Nevada corporation, | |
    | and DOES 1 through 10, inclusive, | **JURY TRIAL DEMANDED** |
18  | | |
    | Defendants. | |
19

20

21  Additional counsel for Plaintiff and the Putative Class:

22
23  Daniel A. Edelman, Esq. (ILL #00712094)
    (*Pro Hac Vice* To Be Submitted)
    *courtecl@edcombs.com*
24  David Kim, Esq. (ILL # 6303707)
    (*Pro Hac Vice* To Be Submitted)
25  *dkim@edcombs.com*
    **EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
26  20 South Clark Street, Suite 1500
    Chicago, IL 60603-1824
27  Telephone: (312) 739-4200
    Facsimile: (312) 419-0379 (FAX)
28

**Exhibit 0006**

Plaintiff Lucine Trim, individually and on behalf all others similarly situated, alleges as follows against Defendants Network Capital Funding Corporation, a Nevada corporation, and Does 1 through 10, inclusive:

## I.    JURISDICTION AND VENUE

1.    This Court has federal question subject matter pursuant to 28 U.S.C. §§ 1331 and 1337 (commerce) as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), a federal statute. (See *Mims v. Arrow Financial Services*, LLC, 132 S.Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005)).

2.    This Court has personal jurisdiction over Defendants and venue is proper in this District because Defendants conduct business within this District and have purposefully availed themselves of the laws and markets of the state of California and this District.

## II.    INTRODUCTION

3.    Plaintiff Lucine Trim, individually and on behalf all others similarly situated, brings this action against Defendant Network Capital Funding Corporation, a Nevada corporation, and Does 1-10, to stop Defendants' practice of making phone calls to cellular telephones using an automated telephone dialing system and/or a prerecorded message or artificial voice, and to obtain redress for all persons injured by its conduct.

## III.    THE PARTIES

4.    Plaintiff, Lucine Trim is an individual who resides in North Hollywood, California.

5.    Defendant Network Capital Funding Corporation is a Nevada corporation with offices at 7700 Irvine Center Drive, Suite 300, Irvine, CA 92616.  Its registered agent is Tri Nguyen at that address.

CLASS ACTION COMPLAINT

6. The true names and capacities of Defendants Does 1 through 10 are currently unknown to Plaintiff, who alleges that Does 1 through 10 are responsible in some manner for the injuries sustained by Plaintiff as hereinafter alleged. Plaintiff requests leave to file amendments to this Complaint alleging the true names and capacities of Does 1 through 10 when the same have been ascertained.

7. Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned each of the Defendants was an agent, servant, employee, and/or joint venture of each of the remaining Defendants, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said facts.

8. Defendants, and each of them, aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff as alleged herein. In taking action, as alleged herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its/his/her primary wrongdoing and realized that its/his/her conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

9. There is a unity of interest between Defendants, and each acts as the alter ego of the other.

### IV. THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. §227

10. Congress enacted the TCPA in 1991 in response to a growing number of consumer complaints regarding telemarketing robocalls.

11. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and

decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243 (Dec. 20, 1991); *see also Mims v. Arrow Fin. Servs., LLC*, 132 S Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

12.   Consumer complaints about this conduct have only increased since then. "If robocalls were a disease, they would be an epidemic." Rage Against Robocalls, Consumer Reports (July 28, 2015). "Robocalls" are the #1 consumer complaint in America today. The Federal Trade Commission (FTC) and Federal Communications Commission (FCC) regularly cite "unwanted and illegal robocalls" as their number-one complaint category. The FTC received more than 1.9 million complaints filed in the first five months of 2017 and about 5.3 million in 2016. The FCC has stated that it gets more than 200,000 complaints about unwanted telemarketing calls each year. These complaints are on top of the complaints each state AG ' s office receives and also does not include the millions of unreported calls.

13.   In an effort to curb these unwanted calls, the TCPA regulates, *inter alia*, the use of automated telephone equipment (a/k/a "autodialers" or "robodialers") to make calls to any cellular telephone number. Specifically, the plain language of section 227(b)(1 )(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

14.   In 2012, the FCC prohibited "any telephone call that includes or introduced an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any [cellular telephone number], other than a call made with the prior express written consent of the called party[.]" 47 C.F.R. § 64. 1 200(a)(2). This prior express written consent requirement became effective on October 16, 2013.

///

## V.  **FACTUAL ALLEGATIONS**

15.   Plaintiff Lucine Trim is the subscriber to cellular telephone number xxx-xxx-2347 and pays the cell phone bills.

16.   On September 16, 2020, at 9:35 am, Plaintiff received an autodialed call on her cell phone from 818-350-8745.  After a pause, a live person got on the line and offered mortgage loan services to Plaintiff.

17.   Later on September 16, 2020, Plaintiff received an email from Brad Gibson from Network Capital Funding Corporation, a copy of which is attached as Exhibit A.  Plaintiff responded to the email and asked Network Capital Funding to stop calling her.

18.   On September 30, 2020, Plaintiff received an autodialed call on her cell phone from 818-643-3414.  After a pause, a live person got on the line and offered mortgage loan services to Plaintiff.  After Plaintiff ended the call, she called back the number 818-643-3414 and requested an email be sent to her so she could determine who was calling her.

19.   Later on September 30, 2020, Plaintiff received an email from Martin Marquez at Network Capital Funding Corporation, a copy of which is attached as Exhibit B.

20.   Later on September 30, 2020, Plaintiff received a call from Martin Marquez at Network Capital Funding Corporation, and requested that he remove her cell phone number because she is not a homeowner and is not interested.

21.   Network Capital Funding Corporation, or an agent on its behalf, operates a call center, where automated equipment is used to place large numbers of telemarketing calls. The equipment has the present capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers.

22.   Plaintiff may have received other unsolicited, automated or prerecorded telemarketing calls placed by or on behalf of Network Capital Funding Corporation.

23. Plaintiff has not consented to the receipt of any calls from Defendants.

24. By calling Plaintiff, Defendants caused Plaintiff and the putative class members actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of unsolicited and harassing telephone calls, consumption of electricity in cost per-kilowatt required to recharge the cell phones, consumption of money or purchased blocks of calls, and wear and tear on telephone equipment. The calls took time to receive and Plaintiff's statutory right of privacy was invaded.

25. Discovery may reveal additional unsolicited, automated telemarketing calls or prerecorded and/or artificial voice calls to Plaintiff's cell phone placed by or on behalf of Network Capital Funding Corporation.

26. The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 (¶165) (2003).

27. Defendant Network Capital Funding Corporation is responsible for making or causing the making of unsolicited, automated telemarketing and pre-recorded and/or artificial voice calls. On information and belief, the purpose of the calls is to solicit persons for mortgage services from Defendants.

28. Defendant Network Capital Funding Corporation, as the entity whose product or services were advertised, derived economic benefit from the phone calls.

29. On information and belief, the unsolicited, automated telemarketing and pre-recorded and/or artificial voice calls were made as part of a mass broadcasting of automated, unsolicited phone calls.

30. On information and belief, Defendants have made unsolicited, automated telemarketing and pre-recorded and/or artificial voice calls to cellular phones of at least 40 other persons.

31. There is no reasonable means for Plaintiff or other recipients of Defendants' unsolicited, automated telemarketing and pre-recorded and/or artificial voice calls to avoid receiving them.

32. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case.

33. The calls were made to consumers who never requested to receive them, never engaged in any interaction with Defendants and are made on a repeat basis without consent.

34. Defendants either negligently or willfully violated the rights of Plaintiff and other recipients in placing the calls or arranging for the calls to be made.

## VI. CAUSE OF ACTION – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. §227, ET SEQ.

35. Plaintiff incorporates by reference paragraphs 1-32 as if set forth herein in their entirety.

36. The TCPA provides as follows at 47 U.S.C. § 227(b):

"§ 227. Restrictions on use of telephone equipment

... (b) Restrictions on use of automated telephone equipment

(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; …."

37. The TCPA, 47 U.S.C. § 227(b)(3) further provides:

"Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph."

38. Defendants and/or their agents violated the TCPA by using equipment that placed automated calls to Plaintiff's and the putative class member's cell phones.

39. Defendants made unsolicited automated telemarketing calls to cellular telephone numbers belonging to Plaintiff and other members of the class.

40. By making unsolicited calls to Plaintiff and the class members, using an automated dialing system and without prior express consent, Defendants violated 47 U.S.C. §227(b)(l)(A)(iii).

41. Plaintiff and the class members are entitled to statutory damages.

42.    Plaintiff and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited robocalls, and their statutory right of privacy was invaded.

43.    Defendants should be enjoined from committing similar violations in the future.

### VII.  CLASS ACTION ALLEGATIONS

44.    **Class Definition:**  Pursuant to Fed. R. Civ. P. 23(a) and (b)(3),  Plaintiff brings this action on behalf of a nationwide class of similarly situated entities and individuals ("the Class"), defined as follows:   (a) all persons or entities who, on or after a date four years prior to the filing of this action (28 U.S.C. § 1658), (b) received a telephone call made by or on behalf of Defendant Network Capital Funding Corporation, (c) placed using an automated dialer or featuring an artificial voice or pre-recorded message.

45.    Plaintiff reserves the right to modify the class definition as the contours and parameters of the class become apparent through discovery in this matter.

46.    Excluded from the Class are: (1) Defendant Network Capital Funding Corporation, Defendants' agents,  subsidiaries, parents, successors, predecessors, and any entity in which Network Capital Funding Corporation or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

47.    **Direct Harm:**  Plaintiff and the members of the class were harmed  by Defendants' acts in at least the following ways: Defendants, either directly or through agents, illegally contacted Plaintiff and the Class Members via their cellular telephones by using an "autodialer" or "robodialer" or pre-recorded message or artificial voice, thereby causing Plaintiff and the

members of each class to incur certain telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid; and Plaintiff and Class members' privacy were invaded.

48.  **Numerosity:** The exact number of class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Plaintiff alleges on information and belief, that there are more than 40 members of the class. Class members can be identified through Defendants' and/or their agents' records, or by other means.

49.  **Typicality:** Plaintiff 's claims are typical of the claims of other members of the classes, in that Plaintiff and the class members sustained damages arising out of Defendants' uniform wrongful conduct, including the making of unsolicited telephone calls.

50.  **Adequacy of Representation**: Plaintiff will fairly and adequately represent and protect the interests of the classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the class members, and Defendants have no defenses unique to Plaintiff. The questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the Class.

51.  **Commonality and Predominance**: There are questions of law and fact common to the claims of Plaintiff and the class members, and those questions predominate over any questions that may affect individual members of the class. These include:

a.  Whether the equipment Defendants used to place the calls in question was an automatic telephone dialing system as defined by the TCPA;

b.  Whether Defendants systematically made automated calls to persons without prior express consent to receive such telephone calls;

CLASS ACTION COMPLAINT

c.  Whether Defendants utilized an artificial or pre-recorded voice in making the telephone calls;

d.  Whether Defendants violated the TCPA;

e.  Whether class members are entitled to damages, including treble damages based on the willfulness of Defendants' conduct.

52.  **Superiority**: Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the class to obtain effective relief from Defendants' misconduct. Even if members of the class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

53.  **Uniform Relief Necessary:**  This class action is appropriate for class certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making an award of damages.

54.  Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

///

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class as follows:

    a.  An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Edelman, Combs, Latturner & Goodwin, LLC and Lexicon Law, PC as Class Counsel;

    b.  An award of statutory damages for each and every violation;

    c.  Actual damages;

    d.  An injunction restraining the conduct complied of;

    e.  Cost of suit; and

    f.  For such other and further relief as the Court deems necessary, just, and proper.

## IX.  DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, individually and on behalf of all others similarly situated, respectfully requests a trial by jury as to each and every claim for which it is so entitled.

///
///
///
///
///
///
///
///
///

CLASS ACTION COMPLAINT

Dated: November 30, 2020
By: */s/ John R. Habashy*
John R. Habashy, Esq. (SBN 236708)
*john@lexiconlaw.com*
Tiffany N. Buda, Esq. (SBN 232679)
*tiffany@lexiconlaw.com*
**LEXICON LAW PC**
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone:      (213) 223-5900
Facsimile:      (888) 373-2107

Daniel A. Edelman, Esq. (ILL #00712094)
(*Pro Hac Vice* To Be Submitted)
*courtecl@edcombs.com*
David S. Kim, Esq. (ILL # 6303707)
(*Pro Hac Vice* To Be Submitted)
*dkim@edcombs.com*
**EDELMAN, COMBS, LATTURNER &
GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
Telephone: (312) 739-4200
Facsimile: (312) 419-0379 (FAX)

**Attorneys for Plaintiff, and the Putative Class**

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

Date: November 30, 2020

*s/ John Habashy*
John Habashy

**Attorneys for Plaintiff and the Putative Class**

CLASS ACTION COMPLAINT

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

Date:  November 30, 2020

*s/ John Habashy*
John Habashy

**Attorneys for Plaintiff and the Putative Class**

CLASS ACTION COMPLAINT

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF
TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUCINE TRIM,** individually, and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>**GABRI ISLE LLC,** and DOES 1 through 10, inclusive<br><br>Defendants. | **Case No.:** 2:21-cv-04975<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. LUCINE TRIM ("Plaintiff") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of GABRI ISLE LLC ("Defendant"), in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby

**Exhibit 0007**

invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5.     In a recent decision, the Supreme Court interpreted the term "automatic telephone dialing system" and held that "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator *or* to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021) (emphasis added).

6.     In *Duguid*, the Supreme Court provided an example of such systems, stating: "For instance, an autodialer might use a random number generator to determine the order in which to pick phone numbers from a preproduced list. It would then store those numbers to be dialed at a later time." *Id.* at 1171-72 fn. 7.

7.     Further, both *Duguid* and the legislative history of the TCPA are clear that the original focus on prerecorded voice technology prohibition was the fact that such communications involved agentless calls, not on the question of whether a literal voice was used during those agentless calls. *See* Hearing Before the Subcommittee on Communications of the Committee on Commerce, Science and Transportation, United States Senate One Hundred Second Congress First Session July 24, 1992, Testimony of Robert Bulmash and Steve Hamm at pg 11; 7 FCC Rcd. 8752 (F.C.C. September 17, 1992).

8.     The Sixth Circuit has also recognized this distinction: "Congress drew an explicit distinction between 'automated telephone calls that deliver an artificial or prerecorded voice message' on the one hand and 'calls place by 'live' persons' on the other." *Ashland Hosp. Corp. v. Serv. Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737,743 (6th Cir. 2013).

9.     Similarly, the FTC has observed that "prerecorded calls are by their very nature one-sided conversations, and if there is no opportunity for consumers to ask questions, offers may not be sufficiently clear for consumers to make informed choices before pressing a button or saying yes to make a purchase." 73

FR 51164-01, 51167 (Aug. 29, 2008).

## JURISDICTION AND VENUE

10.   Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, an Illinois Corporation.   Plaintiff also seeks $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

11.   Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California.

## PARTIES

12.   Plaintiff is, and at all times mentioned herein was, a natural person and citizen and resident of the State of California.   Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13.   Defendant is, and at all times mentioned herein was, an online baby clothing retail company, and is therefore a "person" as defined by 47 U.S.C. § 153(39).

14.   The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."   The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.   Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.   Plaintiff will seek leave of Court to amend the

Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

15.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

16.     At all times relevant, Plaintiff was a citizen of the County of Los Angeles, State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17.     Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

18.     At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

19.     On or about June 6, 2020, Plaintiff received an unsolicited text message from Defendant on her cellular telephone, number ending in -2347.

20.     Defendant sent Plaintiff the spam advertisement and/or promotional offer from a phone number owned or controlled by Defendant, (833) 272-2428.

21.     The text sent by Defendant on June 6, 2020 read:

> Gabri Isle: Welcome to the
> Gabri Isle Family! Use code
> MOMLOVE for 30% OFF
> your       next       order:
> https://gabriisle.djmj.io/zNGN
> e1Ez Msg&data rates may

apply. Msg frequency is
recurring. Reply HELP for
help, STOP to cancel

22. On or about June 7, 2020, Defendant notified Plaintiff to stop contacting her, but Plaintiff ignored this request and sent an additional solicitation text message to Plaintiff on July 3, 2020.

23. As evidenced by Defendant's messages, Plaintiff was not interacting with a live agent but rather an agentless text blast generated by a computer.

24. Moreover, the messages sent to Plaintiff was drafted in advance and sent out automatically based on pre-programmed parameters.

25. The text messages sent to Plaintiff's cellular telephone were placed via Defendant's *SMS Blasting Platform*, i.e., an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) as prohibited by 47 U.S.C. § 227(b)(1)(A).

26. The text messages sent to Plaintiff's cellular telephone were not sent by a live agent and thus created a one-sided conversation in which Plaintiff could not receive a response to her questions and/or concerns. The text messages also were sent in an automated fashion as a result of computerized campaigns that were pre-programmed in advance to send messages out to large groups of consumers all at once, either sequentially or via algorithmic dialing, i.e. in an automated fashion by a computer.

27. In Mirriam Webster's Dictionary "voice" is defined as "an instrument or medium of expression."  It defines "artificial" as "humanly contrived…often on a natural model : MAN-MADE" and "lacking in natural or spontaneous quality."

28. The messages sent to Plaintiff by Defendant using the SMS blasting platform employed a text message as an instrument or medium of expression to deliver an automatic message drafted in advance of being sent, i.e. that of an SMS

message, to convey a telemarketing communication to Plaintiff. The SMS blasting platform is a man made humanly contrived program which allows companies to blast out such messages via non-spontaneous methods, i.e. automated methods similar to that of an assembly line in a factory. Such SMS blasting devices are incapable of spontaneity, as they must be programmed by the operator to automatically send messages out, *en masse*, pursuant to preprogrammed parameters.

29. Accordingly, Defendant's messages utilized an "artificial voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

30. Mirriam Webster's Dictionary, "prerecorded" is defined as "recorded in advance." "Recorded" is defined as "to set down in writing." The text messages sent to Plaintiff's cellular telephone via the SMS blasting platform were set down in writing in advance by Defendant, whose employees wrote out the standard automated messages that were to be sent to Plaintiff and other class members, and by way of preprogrammed SMS blasting, entered the prerecorded message into the SMS Blasting platform, and thereafter sent these messages pursuant to scheduled blasts that were programmed by Defendant. Thus, Defendant employed a text message as an instrument or medium of expression to deliver a prerecorded message drafted in advance of being sent.

31. Thus, Defendant's messages utilized a "prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

32. The telephone number that Defendant, or their agent, messaged was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls and messages pursuant to 47 U.S.C. § 227(b)(1).

33. These messages constituted "calls" that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

34.     Plaintiff was never a customer of Defendant's and never provided her cellular telephone number Defendant for any reason whatsoever. Accordingly, Defendant and their agent never received Plaintiff's prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227(b)(1)(A).

35.     These messages by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

### CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

37.     Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any unsolicited text messages placed using an automatic telephone dialing system and/or an artificial or prerecorded voice from Defendant and which text message was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint through the date of class certification.

38.     Defendant and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

39.     Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using marketing and text messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and

invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

40.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agent's records.

42.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a)     Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant or their agents sent any text messages (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular phone service;

b)     Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c)     Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

43.     As a person that received at least one marketing and text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

44.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.   In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

45.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

46.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

47.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

///

///

///

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

48.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

50.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

51.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE

## TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 ET SEQ.

52.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

54.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

55.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and The Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**

**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF**

**THE TCPA, 47 U.S.C. § 227 ET SEQ.**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

///
///
///
///

**TRIAL BY JURY**

56.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 18, 2021                                    Respectfully submitted,


**THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.**


                                         By:  /s/ Todd M. Friedman
                                         TODD M. FRIEDMAN, ESQ.
                                         ATTORNEY FOR PLAINTIFF

Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
***Attorneys for Plaintiffs***

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TRACY EGGLESTOB, MONICA ABBOUD**, and **LUCINE TRIM** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**REWARD ZONE USA LLC**; DOES 1-10 Inclusive, <br><br>Defendant. | **Case No.:** 2:20-cv-01027<br><br><u>**CLASS ACTION**</u><br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

INTRODUCTION

1. TRACY EGGLESTON ("Eggleston"), MONICA ABBOUD ("Abboud"), and LUCINE TRIM ("Trim") (collectively, "Plaintiffs"), bring this First Amended Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of REWARD ZONE USA LLC ("Defendant"), in negligently contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to themselves and their

**Exhibit 0008**

own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2.      The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.      In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls and messages are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.    TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.      Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5.      As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6.　　The Ninth Circuit recently affirmed certification of a TCPA class case remarkably similar to this one in *Meyer v. Portfolio Recovery Associates, LLC*, __ F.3d__, 2012 WL 4840814 (9th Cir. Oct. 12, 2012).

## JURISDICTION AND VENUE

7.　　Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiffs, both residents of California, seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Delaware limited liability company.  Plaintiffs also seek $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

8.　Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California.

## PARTIES

9.　Plaintiffs are, and at all times mentioned herein, were citizens and residents of the State of California.  Plaintiffs are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153 (39).

10.　　Plaintiffs are informed and believe, and thereon allege, that Defendant is a limited liability company of the state of Delaware.  Defendant, and all of its

agents, are and at all times mentioned herein were "persons," as defined by 47 U.S.C. § 153 (39).  Plaintiffs allege that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

FACTUAL ALLEGATIONS

11.     At all times relevant, Plaintiffs were citizens of Ventura County and Los Angeles County, respectively, and citizens of the State of California.  Plaintiffs are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153 (39).

12.     Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39).

13.     At all times relevant Defendant conducted business in the State of California and in the Counties of Ventura and Los Angeles, within this judicial district.

14.     On or about September of 2018, Abboud received a text message from Defendant on her cellular telephone, number ending in -3711.

15.     On or about November 4, 2019, Eggleston received a text message from Defendant on her cellular telephone, number ending in -0318.

16.     On or about April 14, 2020, Trim received a text message from Defendant on her cellular telephone number ending in -2347

17.     During this time, Defendant began to use Plaintiffs' cellular telephones for the purpose of sending Plaintiffs spam advertisements and/or promotional offers, via text messages.

18.     On or before September 14, 2018, Abboud started receiving frequent text messages from Defendant that sought to solicit its "rewards" and other associated promotions to Abboud.

19.     Abboud, upon receipt of these messages, responded to Defendant's text message notification by replying "Remove me" and/or "Stop".  Abboud

responded in this way on multiple instances after receipt of Defendant's text messages.

20. At that point, Abboud had withdrawn any consent Defendant might have believed Defendant had prior to that point. Despite Abboud's responses, Defendant continued to send unwanted text messages to Abboud.

21. These text messages placed to Plaintiffs' cellular telephones were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

22. The telephone numbers that Defendant, or their agent texted were assigned to a cellular telephone service for which Plaintiffs incur charges for incoming texts pursuant to 47 U.S.C. § 227 (b)(1).

23. These text messages constituted texts that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

24. Plaintiffs were never customers of Defendant and never provided their cellular telephone numbers to Defendant for any reason whatsoever. Accordingly, Defendant and their agents never received Plaintiffs' prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

25. These text messages by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

26. Plaintiffs bring this action on behalf of themselves and on behalf of and all others similarly situated ("the Class").

27. Plaintiffs represent, and are members of, the Class, consisting of all persons within the United States who received any unsolicited text messages from Defendant which text message was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of this Complaint.

28.     Defendant and their employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

29.     Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiffs and the Class members via their cellular telephones by using marketing and text messages, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members.  Plaintiffs and the Class members were damaged thereby.

30.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

31.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.

32.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a)     Whether, within the four years prior to the filing of this Complaint, Defendant or their agents sent any text messages to the Class (other

than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

b)   Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

c)   Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

33.   As a person that received at least one marketing and text message without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the Class.  Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

34.   Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.   In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

35.   Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

36.   A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

37.    Defendant have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

38.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

40.    As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41.    Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

42.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

44.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $1,500.00

in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

45.     Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs, and The Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $1500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

46.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: April 20, 2020                    Respectfully submitted,

**THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: __/s/ Todd M. Friedman__
                    TODD M .FRIEDMAN, ESQ.
                    ATTORNEY FOR PLAINTIFFS

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiffs*,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUCINE TRIM**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>    vs.<br><br>**HIGHER LEVEL PROCESSING INC.; BREA FINANCIAL GROUP, LLC, THE, D/B/A PUB CLUB LEADS;** DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:19-CV-10751-DDP-AGR<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, LUCINE TRIM (formerly Lucine Alsuliman, and hereinafter "Plaintiff"), individually and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.    Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendants HIGHER LEVEL

Exhibit
0009

PROCESSING INC. (hereinafter "HIGHER LEARNING") and BREA FINANCIAL GROUP, LLC, THE, d/b/a PUB CLUB LEADS (hereinafter "BREA GROUP"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in California state.  Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiff resides within this District.

## PARTIES

4.      Plaintiff is a natural person residing in Los Angeles County of the state of California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5.      HIGHER LEARNING is an educational consulting company and is a "person" as defined by *47 U.S.C. § 153 (10)*.

6.      BREA GROUP is a company in the business of marketing and research, including offering lead generation services for businesses, and is a "person" as defined by *47 U.S.C. § 153(39)*.

7.      Hereinafter, the above named Defendants, and their subsidiaries and

agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9.    Beginning on or around October 19, 2018, HIGHER LEARNING contacted Plaintiff on her cellular telephone, ending in -2347, in an effort to sell or solicit its services.

10.    On information and belief, HIGHER LEARNING hired BREA GROUP to generate leads on HIGHER LEARNING's behalf. That is, HIGHER LEARNING hired BREA GROUP to provide contact information of potential leads with whom HIGHER LEARNING might solicit services. HIGHER LEARNING would call Plaintiff and others similarly situated based on leads generated by BREA GROUP.

11.    BREA GROUP had knowledge that the leads it sold to HIGHER LEARNING would likely be used to place calls for solicitation purposes in a manner that implicated the Telephone consumer protection act, including to persons whose phone numbers were on the Do Not Call registry, and to consumer cellular phones with an automatic telephone dialing system.

---

**FIRST AMENDED CLASS ACTION COMPLAINT**
**-3-**

12.    The leads were sold to HIGHER LEARNING and other companies for the express purpose of providing a TCPA compliant lead, i.e. one in which there was prior express written consent and/or an established business relationship.

13.    On information and belief, such representations were made to HIGHER LEARNING by BREA GROUP, who hires publishers to create websites that "generate" opt in information.  However, these publishers and their websites do not in fact generate legitimate opt in data, and instead, the websites are a sham whereby publishers, hired by BREA GROUP, obtain consumer data through alternative means, for the purpose of laundering such consumer data and thereby manufacturing prior express consent.

14.    For example, BREA GROUP represents that Plaintiff visited website www.studentloancenter.org and provided her written consent to opt into the website.  The website shows the following web portal:

15.     BREA GROUP produced opt in data to HIGHER LEARNING, which provided, among other information, an address for Plaintiff.  However, as can be seen from the opt in portal on the website above, such website never asks a consumer for their address.  Additionally, the source code for the website never asks for the address of the consumer.  Accordingly, the only technologically-feasible conclusion is that the consumer data did not come from that website, and was repurposed by BREA GROUP and/or its third party publishers after having been obtained from another source.

16.     Courts have certified similar class actions based on a similar manufactured consent theory.  See *McCurley v. Royal Seas Cruises, Inc*., 331 F.R.D. 142 (S.D. Cal., 2019).

17.     Plaintiff alleges on information and belief that a forensic inspection of the database for the websites in question will reveal that the web traffic analytics for these websites do not line up with the data which web publishers purportedly claim comes from these websites.

18.     Plaintiff also alleges on information and belief that a forensic in section of the consent database will reveal that other consumer data contained therein contain similar technologically-infeasible anomalies that will indicate that the "consent" data was manufactured.

19.     While BREA GROUP did not itself place the call to Plaintiff and other Class Members, it may as well have, given that it sold manufactured leads into the stream of commerce with full knowledge of what they would be used for.  Juries have held lead generators liable under similar circumstances.  See *Craig Cunningham v Michael Montes, Jr.* et al. Case No. 3:16-cv-00761-jdp (W.D. WI).  Accordingly, Plaintiff alleges that BREA GROUP was sufficiently involved in the placing of calls to be vicariously liable for the calls at issue in this case.  Moreover, BREA GROUP is equitably the most responsible Defendant in this action, given

that it allegedly sold bogus leads data to HIGHER LEARNING and other unwitting companies.

20.     Defendants used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to sell or solicit its business services. At one or more instance during these calls, Defendants utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

21.     Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

22.     Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

23.     Plaintiff is not a customer of Defendants' services and has never provided any personal information, including her cellular telephone number, to Defendants for any purpose whatsoever. Accordingly, Defendants never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

24.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

25.     Plaintiff represents, and is a member of, The Class, consisting of All

persons within the United States who received any telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

26.   Defendants, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.   Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

27.   The Class is so numerous that the individual joinder of all of its members is impractical.   While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.   Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

28.   Plaintiff and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and Class members.

29.   Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.   These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.   Whether, within the four years prior to the filing of this Complaint,

Defendants made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.     Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

c.     Whether Defendants should be enjoined from engaging in such conduct in the future.

30.     As a person that received numerous calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

31.     Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

32.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

33.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such

adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

34.     Defendants acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

35.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

36.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

37.     As a result of Defendants' negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

38.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

39.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

40.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

41.     As a result of Defendants' knowing and/or willful violations of *47*

*U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

42. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

## **FIRST CAUSE OF ACTION**
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*; and

- Any and all other relief that the Court deems just and proper.

## **SECOND CAUSE OF ACTION**
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

- Any and all other relief that the Court deems just and proper.

Case 2:19-cv-10751-FMO-AGR Document 12 Filed 03/20/20 Page 11 of 11 Page ID #:37

Respectfully submitted this 20th day of March, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUCINE TRIM**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**EDU DOC SUPPORT LLC**; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, LUCINE TRIM (hereinafter "Plaintiff"), individually and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of EDU DOC SUPPORT, LLC,

**Exhibit 0010**

(hereinafter "Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.    Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in California state.  Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.    Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiff resides within this District.

## PARTIES

4.    Plaintiff, LUCINE TRIM ("Plaintiff"), is a natural person residing in Los Angeles County of the state of California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5.    Defendant, EDU DOC SUPPORT LLC ("Defendant"), is an educational consulting company and is a "person" as defined by *47 U.S.C. § 153 (10)*.

6.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are

currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. Beginning on or around November 26, 2019, Defendant contacted Plaintiff on her cellular telephone, ending in -2347, in an effort to sell or solicit its services.

9. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to sell or solicit its business services. At one or more instance during these calls, Defendant utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

10. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

11. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

12. Plaintiff is not a customer of Defendant's services and has never provided any personal information, including her cellular telephone number, to Defendant for any purpose whatsoever. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone

dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## **CLASS ALLEGATIONS**

13.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

14.     Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

15.     Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

16.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.  Plaintiff alleges that The Class

members may be ascertained by the records maintained by Defendant.

17.     Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

18.     Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.     Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;
b.     Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and
c.     Whether Defendant should be enjoined from engaging in such conduct in the future.

19.     As a person that received numerous calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

20.     Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of

class actions.

21.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

22.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

23.     Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

24.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

25.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

26.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq*., Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

27.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

28.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

29.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

30.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

31.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation,

pursuant to *47 U.S.C. 227(b)(3)(B)*; and

- Any and all other relief that the Court deems just and proper.

## <u>SECOND CAUSE OF ACTION</u>
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

- Any and all other relief that the Court deems just and proper.

Respectfully submitted this 30th day of April, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: <u>/s Todd M. Friedman</u>
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 866-598-5042
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| TERRY FABRICANT and LUCINE ALSULIMAN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> SECURE ONE CAPITAL CORPORATION, and DOES 1 through 10, inclusive, and each of them, <br><br> Defendant. | Case No. 2:20-cv-6857 <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs TERRY FABRICANT and LUCINE ALSULIMAN ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following upon

Exhibit
0011

information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiffs bring this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of SECURE ONE CAPITAL CORPORATION ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiffs' privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1331*. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.

3.     Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)* and because Defendant does business within the State of California and Plaintiffs reside within the County of Los Angeles.

## PARTIES

4.     Plaintiff, TERRY FABRICANT ("Fabricant"), is a natural person residing in Los Angeles County, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.     Plaintiff, LUCINE ALSULIMAN ("Alsuliman"), is a natural person residing in Los Angeles County, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.     Defendant, SECURE ONE CAPITAL CORPORATION ("Defendant") is a mortgage lending company headquartered in Costa Mesa California, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.     Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9.     Beginning in or around April 2018, Defendant contacted Alsuliman on her cellular telephone number ending in -2347, in an attempt to solicit her to purchase Defendant's services.

10.     Beginning in or around July 2018, Defendant contacted Fabricant on his cellular telephone number ending in -8905, in an attempt to solicit her to purchase Defendant's services.

11.     Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiffs seeking to solicit its services.

12.     Defendant contacted or attempted to contact Plaintiffs from telephone numbers (818) 471-2347 and (661) 708-8905, confirmed to be Defendant's numbers.

13.     Defendant's calls constituted calls that were not for emergency

purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

14.    During all relevant times, Defendant did not possess Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

15.    Defendant placed multiple calls soliciting its business to Plaintiffs on their cellular telephones ending in -2347 and -8905 in or around April 2018.

16.    Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

## CLASS ALLEGATIONS

17.    Plaintiffs bring this action individually and on behalf of all others similarly situated, as members of the proposed class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint through class certification.

18.    Plaintiffs represent, and are members of, The ATDS Class, consisting of all persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

19.    Defendant, its employees and agents are excluded from The Class.

Plaintiffs do not know the number of members in The Class, but believe the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

20. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon allege that the Class includes thousands of members. Plaintiffs allege that the Class members may be ascertained by the records maintained by Defendant.

21. Plaintiffs and members of The ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and ATDS Class members via their cellular telephones thereby causing Plaintiffs and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiffs and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and ATDS Class members.

22. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

  a. Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number

assigned to a cellular telephone service;

b. Whether Plaintiffs and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

23. As persons that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of The ATDS Class.

24. Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

25. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

26. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-

1 party Class members to protect their interests.

2     27.    Defendant has acted or refused to act in respects generally applicable

3 to the Class, thereby making appropriate final and injunctive relief with regard to

4 the members of the Class as a whole.

5 ## FIRST CAUSE OF ACTION

6 ### Negligent Violations of the Telephone Consumer Protection Act

7 ### 47 U.S.C. §227(b).

8 ### On Behalf of the ATDS Class

9     28.    Plaintiffs repeat and incorporate by reference into this cause of action

10 the allegations set forth above at Paragraphs 1-27.

11     29.    The foregoing acts and omissions of Defendant constitute numerous

12 and multiple negligent violations of the TCPA, including but not limited to each

13 and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular

14 *47 U.S.C. § 227 (b)(1)(A)*.

15     30.    As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*,

16 Plaintiffs and the Class Members are entitled to an award of $500.00 in statutory

17 damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

18     31.    Plaintiffs and the ATDS Class members are also entitled to and seek

19 injunctive relief prohibiting such conduct in the future.

20 ## SECOND CAUSE OF ACTION

21 ### Knowing and/or Willful Violations of the Telephone Consumer Protection

22 ### Act

23 ### 47 U.S.C. §227(b)

24 ### On Behalf of the ATDS Class

25     32.    Plaintiffs repeat and incorporate by reference into this cause of action

26 the allegations set forth above at Paragraphs 1-31.

27     33.    The foregoing acts and omissions of Defendant constitute numerous

28 and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

34. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiffs and the ATDS Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

35. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against Defendant for the following:

## **FIRST CAUSE OF ACTION**

### **Negligent Violations of the Telephone Consumer Protection Act**

### **47 U.S.C. §227(b)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiffs and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

## **SECOND CAUSE OF ACTION**

### **Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

### **47 U.S.C. §227(b)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

36.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully Submitted this 30th Day of July, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:    /s/ Todd M. Friedman
       Todd M. Friedman
       Law Offices of Todd M. Friedman
       Attorney for Plaintiffs

1  Aaron D. Aftergood (239853)
2     aaron@aftergoodesq.com
   **THE AFTERGOOD LAW FIRM**
3  1880 Century Park East, Suite 200
   Los Angeles, CA 90067
4  Telephone: (310) 550-5221
   Facsimile: (310) 496-2840
5
   Patrick H. Peluso*
6     ppeluso@woodrowpeluso.com
   **WOODROW & PELUSO, LLC**
7  3900 East Mexico Avenue, Suite 300
   Denver, Colorado 80210
8  Telephone: (720) 213-0676
   Facsimile: (303) 927-0809
9
   *Pro Hac Vice* to be filed
10
   *Attorneys for Plaintiffs and the Classes*
11

12         **IN THE UNITED STATES DISTRICT COURT**
            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
13

14  **LUCINE TRIM** and **ANTHONY FREY**,
   individually and on behalf of all others
15  similarly situated,
                                              Case No.
16                      Plaintiff,

17  v.

18  **JOHN C. HEATH, ATTORNEY AT**         **JURY TRIAL DEMANDED**
   **LAW PC**, d/b/a **LEXINGTON LAW**
19  **FIRM**, a Utah corporation,

20                      Defendant.

21

22              **CLASS ACTION COMPLAINT**

23       1.     Plaintiffs Lucine Trim ("Trim") and Anthony Frey ("Frey")

24  (collectively "Plaintiffs") bring this Class Action Complaint against Defendant John

25  C. Heath, Attorney At Law PC d/b/a Lexington Law Firm ("Lexington" or

26  "Defendant") to: (1) stop Defendant's practice of placing calls using an "automatic

27  telephone dialing system" ("ATDS") to the cellphones of consumers n

28                              1

**Exhibit
0012**

without their prior express consent; (2) stop Defendant's practice of placing calls using a prerecorded voice to the cellphones of consumers nationwide without their prior express consent; and (3) obtain redress for all persons injured by Defendant's conduct. Plaintiffs also seek an award of statutory damages to the members of the Classes plus court costs and reasonable attorneys' fees.

2.      Plaintiffs, for their complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

3.      The Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq*. ("TCPA") and its implementing regulations, 47 C.F.R. §64.1200, *et seq*. prohibit companies, such as Defendant, from placing calls to consumers using an ATDS ("autodialed calls") or prerecorded voice without first obtaining consent. Lexington has violated, and continues to violate, the TCPA and its regulations by placing autodialed and prerecorded calls to cellphone subscribers who have not expressly consented to receiving such calls.

4.      In an effort to obtain leads for its services, Lexington made (or directed to be made on its behalf) autodialed and/or prerecorded calls to the telephones of Plaintiffs and other members of the putative classes without first obtaining prior express written consent to do so—all in violation of the TCPA.

5.      The TCPA was enacted to protect consumers from unauthorized calls like those alleged in this Complaint—autodialed and/or prerecorded calls placed to cellphone numbers without each consumer's prior express written consent.

6.      By making the telephone calls at issue in this Complaint, Defendant caused Plaintiffs and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that

result from the receipt of such calls, in addition to a loss of value realized for the

monies consumers paid to their wireless carriers for the receipt of such calls.

Furthermore, the calls interfered with and interrupted Plaintiffs' and the other Class

members' use and enjoyment of their cellphones, including the related data,

software, and hardware components. Defendant also caused substantial injury to

their phones by causing wear and tear on their property, consuming battery life, and

appropriating cellular minutes and data.

## PARTIES

7.   Plaintiff Trim is a natural person over the age of eighteen (18) and a

citizen of the State of California residing in Los Angeles county.

8.   Plaintiff Frey is a natural person over the age of eighteen (18) and a

citizen of the State of Kentucky residing in Jefferson county.

9.   Defendant John C. Heath, Attorney At Law PC d/b/a Lexington Law

Firm is a limited liability company organized in and existing under the laws of the

State of Utah, with its principal place of business located at 360 North Cutler Drive,

North Salt Lake, Utah 84054.

## JURISDICTION & VENUE

10.   This Court has subject matter jurisdiction over this action pursuant to

28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection

Act, 47 U.S.C. §227, et seq., a federal statute. This Court also has jurisdiction under

the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged

Class consists of over 100 persons, there is minimal diversity, and the claims of the

class members when aggregated together exceeds $5 million. Further, none of the

exceptions to CAFA applies.

11.   This Court has personal jurisdiction over Lexington because it solicits

significant business in this District, has entered into business contracts in this

District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

12.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant solicits a significant amount of consumer business within this District, and because a substantial portion of the wrongful conduct giving rise to the claims occurred in, was directed to, and/or emanated from this District.

## COMMON ALLEGATIONS OF FACT

13.     Defendant John C. Heath, Attorney At Law PC d/b/a Lexington Law Firm is a company that offers credit repair services to consumers, including reviewing credit reports and taking legal action to remove negative items from consumer credit histories.

14.     Unfortunately for consumers, Lexington casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its credit repair services, Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that repeatedly makes unsolicited autodialed and/or pre-recorded calls to consumers' telephones including cellular telephones, all without any prior express consent to make these calls.

15.     While autodialed and prerecorded calls may be made where a caller obtains prior express consent, Defendant places these calls to telephones using an ATDS without consumers' prior written express consent in violation of the TCPA.

16.     At no time did Defendant obtain prior express consent from the Plaintiffs or the members of the Classes orally or in writing to receive autodialed calls.

17.     In making the phone calls at issue in this Complaint, Defendant and/or its agent utilized an ATDS. Specifically, the hardware and software used by Defendant and/or its agents has the capacity to store, produce, and dial random or

sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously, without human intervention.

18.   Defendant also made calls to consumers using an artificial or prerecorded voice, which would be heard on the line before any human representative.

19.   Defendant knowingly made, and continues to make, autodialed and/or prerecorded telemarketing calls without the prior express consent of the recipients. As such, Defendant not only invaded the personal privacy of Plaintiffs and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF TRIM

20.   Plaintiff Trim is the subscriber to and customary user of the personal cellular telephone number ending in 2347.

21.   On or around March 26, 2018, Plaintiff received a phone call from (602) 599-0438. When she answered the call, she was met with dead air. She said "hello" before hearing a "click" and connecting to a live representative, indicating that the phone call had been autodialed.

22.   The representative on the phone was a man who said he wanted to talk to Trim about getting rid of her loans.

23.   In an effort to identify who was calling her, Trim asked the representative to send her an email. She received an email from email@email.lexingtonlaw.com on March 26, 2018. The email described

Defendant's services, and it was apparently signed by a credit consultant named "Beth."

24.    Several days later, on or around March 30, 2018, Trim received another call from (602) 599-0438. Once again, when she answered the call, she was met with dead air. She said "hello" before hearing a "click" and connecting to a live representative, indicating that the phone call had been autodialed.

25.    The representative on the phone was a woman who stated that she thought Trim was interested in consolidation. Plaintiff Trim replied that she wasn't interested, and the representative asked why. Trim stated that she was busy and hung up.

26.    Plaintiff Trim never consented either orally or in writing to receive prerecorded and/or autodialed calls from Lexington or any of its affiliates or agents.

27.    Plaintiff does not have a relationship with Defendant, has never provided her telephone number directly to Defendant, and has never requested that Defendant place prerecorded and/or autodialed calls to her or offer her its services.

28.    Simply put, Plaintiff Trim has never provided any form of prior express written or oral consent to Defendant to place autodialed calls to her and has no business relationship with Defendant.

## FACTS SPECIFIC TO PLAINTIFF FREY

29.    Plaintiff Frey is the subscriber to and customary user of the personal cellular telephone number ending in 2868.

30.    On or around May 4, 2018, Frey received a phone call from (502) 519-3094. When he answered the call, he was met with prerecorded message line that provided a prompt to connect with a representative. Frey followed the prompt and was connected to a female representative.

31.     In an effort to identify who was calling him, Frey asked for a call-back number. He was provided with the number (888) 596-4997, which is a number available on Lexington's website.

32.     Plaintiff Frey never consented either orally or in writing to receive prerecorded and/or autodialed calls from Lexington or any of its affiliates or agents.

33.     Plaintiff does not have a relationship with Defendant, has never provided his telephone number directly to Defendant, and has never requested that Defendant place prerecorded and/or autodialed calls to him or offer him its services.

34.     In short, Plaintiff Frey never provided any form of prior express written or oral consent to Defendant to place autodialed or prerecorded calls to him and has no business relationship with Defendant.

35.     Defendant was, and is, aware that the above described autodialed and prerecorded calls were made to consumers like Plaintiffs who have not consented to receive them.

36.     By making unauthorized autodialed calls as alleged herein, Lexington has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing that they interfered with and interrupted Plaintiffs and the other Class members' use and enjoyment of, and the ability to access, their cellphones, including all related data, software, and hardware components.

37.     To redress these injuries, Plaintiffs, on behalf of themselves and Classes of similarly situated individuals, bring this suit under the TCPA, which prohibits unsolicited prerecorded and/or autodialed calls to cellphones.

38.     On behalf of the Classes, Plaintiffs seek an injunction requiring Defendant to cease all unauthorized prerecorded and/or autodialed calling activities and an award of statutory damages to the class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

39.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the Classes defined as follows:

**Autodialed No Consent Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant, or a third person acting on behalf of Defendant, called; (2) on the person's cellular telephone; (3) using the same equipment that was used to call the Plaintiff; (4) for the purpose of marketing or selling Defendant's products and services; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call Plaintiff Trim.

**Prerecorded No Consent Class**: All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant, or a third person acting on behalf of Defendant, called; (2) on the person's cellular telephone; (3) for the purpose of marketing or selling

Defendant's products and services; (4) using a pre-recorded voice; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call Plaintiff Frey.

40.      The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

41.      Plaintiffs anticipate the need to amend the class definitions following appropriate discovery relating to the equipment used to call Plaintiffs, the purpose of the calls, and any supposed consent Defendant claims was obtained from Plaintiffs.

42.      **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed pre-recorded calls to thousands of consumers who fall into the defined Classes. However, the exact number of members of the Classes can be identified through reference to objective criteria, including Defendant's records and dialer reports.

43.      **Typicality:** Plaintiffs' claims are typical of the claims of other members of the Classes in that Plaintiffs and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct. Plaintiffs Trim and

Frey are members of the Autodialed No Consent Class and the Prerecorded No Consent Class, respectively.

44. **Adequate Representation:** Plaintiffs will fairly and adequately represent and protect the interests of the Classes and have retained counsel competent and experienced in complex class actions. Plaintiffs have no interests antagonistic to or in conflict with those of the Classes, and Defendant has no defenses unique to Plaintiffs.

45. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

        (a)     Whether Defendant's conduct violated the TCPA;

        (b)     Whether Defendant systematically made telephone calls to individuals who did not previously provide Defendant and/or its agents with their prior express written consent to receive such phone calls;

        (c)     Whether Defendant made unsolicited calls with the use of an ATDS;

        (d)     Whether Defendant made unsolicited calls with the use of an artificial or prerecorded voice;

        (e)     Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

46. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be

relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. It would be virtually impossible for the individual Class members to obtain effective relief from Defendant's misconduct.

47. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

48. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
(On behalf of Plaintiff Trim and the Autodialed No Consent Class)**

49. Plaintiff Trim incorporates by reference the foregoing allegations as if fully set forth herein.

50. Defendant Lexington, by and through its agents, made unsolicited and unwanted telemarketing calls to cellular telephone numbers belonging to Plaintiff Trim and the other members of the Autodialed No Consent Class—without their prior express written consent—in an effort to generate leads for Defendants' products and services.

51. Defendant failed to obtain any prior express consent from Trim that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using

an automatic telephone dialing system or an artificial or prerecorded voice; and

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

52.     Defendant had no prior express consent to call Plaintiff Trim or the members of the Autodialed No Consent Class.

53.     Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

54.     Defendant utilized equipment that made the telephone calls to Trim and other members of the Class simultaneously and without human intervention.

55.     By making unsolicited telephone calls to Plaintiff Trim and members of the Autodialed No Consent Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

56.     As a result of Defendant's unlawful conduct, Trim and the members of the Autodialed No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

57.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff Trim and the other members of the Autodialed No Consent Class.

## SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.***

**(On behalf of Plaintiff Frey and the Prerecorded No Consent Class)**

58.     Plaintiff Frey incorporates by reference the foregoing allegations as if fully set forth herein.

59.     Defendant made unsolicited and unwanted telemarketing calls using an artificial or prerecorded voice to cellular telephone numbers belonging to Plaintiff Frey and the other members of the Prerecorded No Consent Class—without their prior express written consent—in an effort to generate leads for Lexington's products and services.

60.     Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

61.     Defendant had no prior express consent to call Plaintiff Frey or the members of the Prerecorded No Consent Class.

62.     Defendant made the telephone calls using an artificial or prerecorded voice.

63.     By making unsolicited telephone calls to Frey and members of the Prerecorded No Consent Class's cellular telephones without prior express consent, and by utilizing a prerecorded voice message to do so, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

64.    As a result of Defendant's unlawful conduct, Plaintiff Frey and the members of the Prerecorded No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

65.    Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Frey and the other members of the Prerecorded No Consent Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Lucine Trim and Anthony Frey, on behalf of themselves and the classes, pray for the following relief:

A.    An order certifying the Classes as defined above, appointing Plaintiffs as the representative of the respective Classes and appointing their counsel as Class Counsel;

B.    An award of statutory damages in the amount of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiffs and the Class Members;

C.    An order declaring that Defendant's actions, as set out above, violate the TCPA and appropriate injunctive relief;

D.    An award of pre- and post-judgment interest;

E.    An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

F.    Such other and further relief that the Court deems reasonable and just.

## **JURY DEMAND**

Plaintiffs request a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: March 5, 2020

**LUCINE TRIM** and **ANTHONY FREY**, individually and on behalf of all others similarly situated,

By: /s/ Aaron D. Aftergood
       One of Plaintiff's Attorneys

Aaron D. Aftergood (239853)
  aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0676
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

* *Pro Hac Vice* to be filed

15

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCINE TRIM, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br>     vs. <br><br> SIMPLY SWEEPS, LP; SPARK REVENUE, LLC; CREDIREADY, LLC; INTERNET THINGS, LP; and DOES 1 through 10, inclusive, and each of them, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

///
///

Plaintiff Lucine Trim ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.      Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Simply Sweeps, LP ("Simply Sweets"), Spark Revenue, LLC ("Spark Revenue"), CrediReady, LLC ("CrediReady"), Internet Things, LP ("Internet Things") (collectively referred to as "Defendants") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

2.      The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.      In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub.L. No. 102–243, § 11.  Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the
> home, except when the receiving party consents to receiving the
> call or when such calls are necessary in an emergency situation
> affecting the health and safety of the consumer, is the only

effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.     Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5.     As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION & VENUE

6.     Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under a Federal Question, namely the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*.

7.     Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendants do business within the state of California and the Central

District of California.

## **PARTIES**

8. Plaintiff, Lucine Trim ("Plaintiff"), is a natural person and resident of North Hollywood, California and is a "person" as defined by *47 U.S.C. § 153 (39).*

9. Defendant, Simply Sweeps is a business that participates in the market of lead generation and data management and is a "person" as defined by *47 U.S.C. § 153 (39).*

10. Defendant, Spark Revenue is a business that owns and operates sparkrevenue.com and is a "person" as defined by *47 U.S.C. § 153 (39).* Spark Revenue participates in the market of lead generations and data management.

11. Defendant, CrediReady owns and operates crediready.com and approvedcar.com and is a "person" as defined by *47 U.S.C. § 153 (39).* CrediReady participates in the market of lead generation and data management.

12. Defendant Internet Things is a company that owns and operates Simply Sweeps, LP and CrediReady, LLC and is a "person" as defined by *47 U.S.C. § 153 (39).*

13. The true names and/or capacities, whether individual, corporate, associate, partnership, trust, or otherwise of defendant DOES 1 through 100, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues said defendants by such fictitious names. Plaintiffs are informed and believe, and thereon alleges, that defendant fictitiously named herein as a DOE was legally responsible, negligently, or in some other actionable manner, for the events and happening hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiffs as hereinafter alleged. Plaintiffs will amend this Complaint to allege the true names and capacities of these DOES and when they have been ascertained.

///

///

1             **FACTUAL ALLEGATIONS**

2      14.    At various and multiple times prior to the filing of the instant

3 Complaint, including within the one year preceding the filing of this Complaint,

4 CrediReady contacted Plaintiff to solicit purchases of Defendant's services.

5      15.    Beginning in or around March of 2018, CrediReady began

6 contacting Plaintiff on her cellular telephone.

7      16.    Defendant was messaging Plaintiff on her cellular telephone number

8 ending in -2347.

9      17.    On March 13, 2018, CrediReady sent Plaintiff a text message that

10 read:

11         CrediReady: "hi lucine cong we have matche dyou toa no of lenders

12         prepared to give you a car loan -it has a site- she said stop then

13         hello@crediready.com or 855 549 1864."

14      18.    On November 15, 2019, CrediReady sent Plaintiff another text

15 message that read:

16         CrediReady: "it gotatext."

17      19.    On November 17, 2019, CrediReady sent Plaintiff another text

18 message that read:

19         CrediReady: "it goes to simplycellphonesforyou.com -privacy this is

20         the company spark revenue."

21      20.    Defendant's messages to Plaintiff were sent using short code 96059

22      21.    A short code is a special telephone number, significantly shorter than

23 full telephone numbers, which can be used to address SMS and MMS messages

24 from certain service providers' mobile phones or fixe phones

25      22.    Short codes are often associated with automated services. An

26 automated program can handle the response and typically requires the sender to

27 start the message with a command word or prefix. The service then responds to

28 the command appropriately. The use of short codes is indicative of technology

1  that has the capacity to store or produce numbers to be called using a random or

2  sequential number generator, and to dial such numbers. Further, the use of generic

3  mass-marketing-styled text messages is also indicative of such technology being

4  used as a form of transmittal of such text messages.

5     23.   CrediReady used an "automatic telephone dialing system," as

6  defined by *47 U.S.C. § 227(a)(1)* to send its text messages to Plaintiff seeking to

7  solicit the purchase of CrediReady's services. In particular, the equipment used

8  by CrediReady, to send the text messages at issue, to Plaintiff, has the capacity to:

9  1) store or produce numbers to be called using a random or sequential number

10  generator; and 2) to dial those numbers.

11     24.   Defendant's texts constituted calls that were not for emergency

12  purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

13     25.   Defendant's texts were placed to a telephone number assigned to a

14  cellular telephone service for which Plaintiff incurs a charge for incoming calls

15  pursuant to *47 U.S.C. § 227(b)(1)*.

16     26.   During all relevant times, Defendant never received Plaintiff's "prior

17  express consent" to receive unsolicited text messages or calls using an automatic

18  telephone dialing system or an artificial or prerecorded voice on her cellular

19  telephone pursuant to *47 U.S.C. § 227(a)(1)(A)*.

20     27.   Defendant's conduct violated the TCPA by:

21       a.  Using any automatic telephone dialing system to any

22         telephone number assigned to a paging service, cellular

23         telephone service, or any service for which the called

24         party is charged for the call (*47 U.S.C. §*

25         *227(b)(A)(iii.)*).

26     28.   As a result of the above violations of the TCPA, Plaintiff suffered

27  and continues to suffer injury to Plaintiff's feelings, personal humiliation,

28  embarrassment, mental anguish and emotional distress, and Defendants are liable

1    to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and

2    attorney's fees.

3                 **CLASS ALLEGATIONS**

4         29.     Plaintiff brings this action individually and on behalf of all others

5    similarly situated, as a member of the proposed class (hereafter "The Class")

6    defined as follows:

7            All persons within the United States who received any

8            unsolicited text messages from Defendants to said

9            person's cellular telephone made through the use of any

10           automatic telephone dialing system and such person had

11           not previously consented to receiving such calls/texts

12           within the four (4) years prior to the filing of this

13           complaint.

14         30.     Plaintiff represents, and is a member of, The Class, consisting of All

15    persons within the United States who received any unsolicited telephone texts

16    from Defendants to said person's cellular telephone made through the use of any

17    automatic telephone dialing system or unsolicited text messages and such person

18    had not previously not provided their cellular telephone number to Defendants

19    within the four years prior to the filing of this Complaint.

20         31.     Defendants, its employees, and agents are excluded from The Class.

21    Plaintiff does not know the number of members in The Class, but believes the

22    Class members number in the thousands, if not more. Thus, this matter should be

23    certified as a Class Action to assist in the expeditious litigation of the matter.

24         32.     The Class is so numerous that the individual joinder of all of its

25    members is impractical. While the exact number and identities of The Class

26    members are unknown to Plaintiff at this time and can only be ascertained

27    through appropriate discovery, Plaintiff is informed and believes and thereon

28

---

alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

33.     Plaintiff and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls/texts, and invading the privacy of said Plaintiff and Class members.

34.     Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

        a.  Whether, within the four (4) years prior to the filing of this Complaint, Defendants sent any unsolicited text messages (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system;

        b.  Whether Defendants' revocation policies complied with TCPA;

        c.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

        d.  Whether Defendants should be enjoined from engaging in such conduct in the future.

35.     As a person that received numerous unsolicited text messages from Defendants using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

36.     Plaintiff will fairly and adequately protect the interests of the members of The Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

37.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

38.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

39.     Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

///

///

///

## **FIRST CAUSE OF ACTION**

### **Negligent Violations of the Telephone Consumer Protection Act**

### **47 U.S.C. §227 et seq.**

40. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-39.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

42. As a result of Defendants' negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

43. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### **Negligent Violations of the Telephone Consumer Protection Act**

### **47 U.S.C. §227 et seq.**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B).*

- Any and all other relief that the Court deems just and proper.

///
///
///
///
///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

44.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-43.

45.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

46.    As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff  and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C).*

47.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C).*

- Any and all other relief that the Court deems just and proper.

1

## <u>DEMAND FOR JURY TRIAL</u>

2

48.     Pursuant to the Seventh Amendment to the Constitution of the

3

United States of America, Plaintiff is entitled to, and demands, a trial by jury.

4

Respectfully Submitted this 24th Day of July, 2020.

5

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

6

By:   <u>/s/ Todd M. Friedman</u>

7

Todd M. Friedman

8

Law Offices of Todd M. Friedman
Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiffs*,

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LUCINE ALSULIMAN**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**CREDIT LOAN, LLC**; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, LUCINE ALSULIMAN ("Plaintiff"), individually and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable

Exhibit
0014

remedies resulting from the illegal actions of CREDIT LOAN, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Florida limited liability company.  Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiff resides within this District.

## PARTIES

4.      Plaintiff, LUCINE ALSULIMAN ("Plaintiff"), is a natural person residing in Los Angeles County of the state of California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5.      Defendant, CREDIT LOAN, LLC ("Defendant"), is a small business and personal lending company and is a "person" as defined by *47 U.S.C. § 153 (10)*.

6.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are

currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8. Beginning on or around March 26, 2018, Defendant contacted Plaintiff on her cellular telephone, (818) 471-2347, in an effort to sell or solicit its services.

9. Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to sell or solicit its business services. At one or more instance during these calls, Defendant utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

10. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

11. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

12. Plaintiff is not a customer of Defendant's services and has never provided any personal information, including her cellular telephone number, to Defendant for any purpose whatsoever. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone

dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

13.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

14.     Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

15.     Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

16.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.  Plaintiff alleges that The Class

members may be ascertained by the records maintained by Defendant.

17.    Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

18.    Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.    Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.    Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

19.    As a person that received numerous calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

20.    Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of

class actions.

21.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

22.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

23.     Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

### FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

24.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

25.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

26.     As a result of Defendant's negligent violations of *47 U.S.C. § 227 et*

seq., Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

27. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

28. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

30. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

31. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### FIRST CAUSE OF ACTION
**Negligent Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*; and

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 7th day of February, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s Todd M. Friedman
     Todd M. Friedman
     Law Offices of Todd M. Friedman
     Attorney for Plaintiff

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiffs*,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUCINE ALSULIMAN**, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **LENDUP GLOBAL, INC.**; DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, LUCINE ALSULIMAN ("Plaintiff"), individually and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of LENDUP GLOBAL, INC.

Exhibit
0015

("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in California state.  Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and Plaintiff resides within this District.

## PARTIES

4.      Plaintiff, LUCINE ALSULIMAN ("Plaintiff"), is a natural person residing in Los Angeles County of the state of California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5.      Defendant, LENDUP GLOBAL, INC. ("Defendant"), is a short term lending website and is a "person" as defined by *47 U.S.C. § 153 (10)*.

6.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious

names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.    Beginning on or around June 14, 2018, Defendant contacted Plaintiff on her cellular telephone, ending in -2347, in an effort to sell or solicit its services.

9.    Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to sell or solicit its business services.   At one or more instance during these calls, Defendant utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

10.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

11.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

12.    Plaintiff is not a customer of Defendant's services and has never provided any personal information, including her cellular telephone number, to Defendant for any purpose whatsoever.  Accordingly, Defendant never received

Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

13. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

14. Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

15. Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

16. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon

alleges that The Class includes thousands of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

17.    Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

18.    Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a.    Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.    Whether Plaintiff and the Class members were damages thereby, and the extent of damages for such violation; and

c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

19.    As a person that received numerous calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

20. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

21. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

22. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

23. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

24. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-23.

25. The foregoing acts and omissions of Defendant constitute numerous

and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

26.    As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00   in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

27.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

28.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-27.

29.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

30.    As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff  and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

31.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

///

///

## FIRST CAUSE OF ACTION
### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*; and

- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

- Any and all other relief that the Court deems just and proper.

Respectfully submitted this 30th day of October, 2019.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.


By:  /s Todd M. Friedman
     Todd M. Friedman
     Law Offices of Todd M. Friedman
     Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| | ) Case No. 8:18-cv-00690-EAK-TGW |
| PAULA FOOTE, TERRY | ) |
| FABRICANT, and SIDNEY NAIMAN, | ) **FIRST AMENDED CLASS ACTION** |
| LUCY ALSULIMAN, individually and | ) |
| on behalf of all others similarly situated, | ) **FIRST AMENDED COMPLAINT** |
| | ) **FOR VIOLATIONS OF:** |
| Plaintiffs, | ) |
| | ) 1.  NEGLIGENT VIOLATIONS |
| vs. | )     OF THE TELEPHONE |
| | )     CONSUMER PROTECTION |
| | )     ACT [47 U.S.C. §227(b)] |
| HEALTH INSURANCE | ) 2.  WILLFUL VIOLATIONS |
| INNOVATIONS, INC., and DOES 1 | )     OF THE TELEPHONE |
| through 10, inclusive, and each of them, | )     CONSUMER PROTECTION |
| | )     ACT [47 U.S.C. §227(b)] |
| Defendant. | ) 3.  NEGLIGENT VIOLATIONS |
| | )     OF THE TELEPHONE |
| | )     CONSUMER PROTECTION |
| | )     ACT [47 U.S.C. §227(c)] |
| | ) 4.  WILLFUL VIOLATIONS |
| | )     OF THE TELEPHONE |
| | )     CONSUMER PROTECTION |
| | )     ACT [47 U.S.C. §227(c)] |
| | ) |
| | ) |
| | ) **DEMAND FOR JURY TRIAL** |

Plaintiffs PAULA FOOTE, TERRY FABRICANT, and SIDNEY NAIMAN, LUCY ALSULIMAN ("Plaintiffs"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.       Plaintiffs bring this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of HEALTH INSURANCE INNOVATIONS, INC. ("Defendant"), in negligently, knowingly, and/or willfully

**Exhibit
0016**

---

contacting Plaintiffs on Plaintiffs' cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiffs' privacy.

## JURISDICTION & VENUE

2.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiffs, residents of Georgia, California,  and Arizona,  seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Florida corporation. Plaintiffs also seek up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Middle District of California pursuant to *28 U.S.C. § 1391(b)* and because Defendant does business within the State of Florida and Defendant's principal place of business is within the County of Hillsborough.

## PARTIES

4.      Plaintiff, PAULA FOOTE ("Plaintiff Foote"), is a natural person residing in the state of Georgia and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.      Plaintiff, TERRY FABRICANT ("Plaintiff Fabricant"), is a natural person residing in the state of California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.      Plaintiff, SIDNEY NAIMAN ("Plaintiff Naiman"), is a natural person residing in the state of California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7.     Plaintiff, LUCY ALSULIMAN ("Plaintiff Alsuliman"), is a natural person residing in the state of California and is a "person" as defined by *47 U.S.C. § 153 (39).*

8.     Defendant, HEALTH INSURANCE INNOVATIONS, INC. ("Defendant") is a company engaged in the business of selling health insurance, and is a "person" as defined by *47 U.S.C. § 153 (39).*

9.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

11.     Beginning in or around December 2017, Defendant contacted Plaintiff Paula Foote on Plaintiff Foote's cellular telephone number ending in -1267, in an attempt to solicit Plaintiff Foote to purchase Defendant's services. Defendant called Plaintiff Foote, including but not limited to December 20, 2017, December 27, 2017, December 28, 2017, January 3, 2018, January 4, 2018, January 5, 2018, January 5, 2018, January 10, 2018, January 12, 2018, January 23, 2018, January 30, 2018, February 28, 2018, and May 5, 2018.

12.     Beginning in or around December 2017, Defendant contacted Plaintiff Terry Fabricant on Plaintiff Fabricant's cellular telephone number ending in -8950, in an attempt to solicit Plaintiff Fabricant to purchase Defendant's services. Defendant called Plaintiff Fabricant, including but not limited to December 20, 2017.

13.     Beginning in or around April of 2018, Defendant contacted Plaintiff Lucy Alsuliman on Plaintiff Alsuliman's cellular telephone number ending in -2347, in an attempt to solicit Plaintiff Alsuliman to purchase Defendant's services. Defendant called Plaintiff Alsuliman, including but not limited to April 24, 2018.

14.     Plaintiffs were greeted in nearly every call by the same prerecorded and artificial voice message, which appeared to utilize computer generation.

15.     The use of an identical and prerecorded and artificial voice message along with the frequency in which the called were made evidences that Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiffs seeking to solicit its services.

16.     Defendant contacted or attempted to contact Plaintiff from telephone numbers; including but not limited to (984) 234-7045, (270) 201-5929, (334) 416-9713, (609) 808-9141, (978) 881-0960, (678) 944-7770, (609) 623-1987, (910) 218-8007, (239) 900-1201, (206) 573-5236, (985) 200-9766, (202) 866-9146, (818) 860-5432, (609) 225-5799, (201) 907-1327, and (925) 815-1480 confirmed to be Defendant's numbers.

17.     Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

18.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

19.     During all relevant times, Defendant did not possess Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system or an

artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

20.     Further, Plaintiffs' telephone numbers ending in -8950 were added to the National Do-Not-Call Registry prior to Defendant's calls.

21.     Defendant placed multiple calls soliciting its business to Plaintiff on their telephone numbers beginning in or around December of 2017.

22.     Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

23.     Plaintiffs received numerous solicitation calls from Defendant within a 12-month period.

24.     Defendant continued to call Plaintiffs in an attempt to solicit its services and in violation of the National Do-Not-Call provisions of the TCPA.

25.     Upon information and belief, and based on Plaintiffs' experiences of being called by Defendant after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## **CLASS ALLEGATIONS**

26.     Plaintiffs bring this action individually and on behalf of all others similarly situated, as a member the two proposed classes (hereafter, jointly, "The Classes").

27.     The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such

person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

28.     The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

29.     Plaintiffs represent, and are members of, The ATDS Class, consisting of all persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

30.     Plaintiffs represent, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

31.     Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more.  Thus, this matter should

be certified as a Class Action to assist in the expeditious litigation of the matter.

32.     The Classes are so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Classes members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon allege that The Classes includes thousands of members.  Plaintiffs allege that The Classes members may be ascertained by the records maintained by Defendant.

33.     Plaintiffs and members of The ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and ATDS Class members via their cellular telephones thereby causing Plaintiffs and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiffs and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and ATDS Class members.

34.     Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class.  These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

      a.    Whether, within the four years prior to the filing of this Complaint, Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

      b.    Whether Plaintiffs and the ATDS Class members were

damaged thereby, and the extent of damages for such violation; and

    c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

35.    As a person that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of The ATDS Class.

36.    Plaintiffs and members of The DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiffs and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiffs and the DNC Class members were damaged thereby.

37.    Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class. These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

    a.    Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendant and did not have an established business relationship with Defendant;

    b.    Whether Defendant obtained prior express written consent to

place solicitation calls to Plaintiffs or the DNC Class members' telephones;

c. Whether Plaintiffs and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

38. As a person that received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendant, Plaintiffs are asserting claims that are typical of the DNC Class.

39. Plaintiffs will fairly and adequately protect the interests of the members of The Classes. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

40. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

41. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such

non-party Class members to protect their interests.

42.     Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b).

### On Behalf of the ATDS Class

43.     Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-44.

44.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

45.     As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiffs and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

46.     Plaintiffs and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(b)

### On Behalf of the ATDS Class

47.     Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-48.

48.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

49.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiffs  and the ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

50.     Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of the DNC Class**

51.     Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

52.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

53.     As a result of Defendant's negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class Members are entitled an award of $500.00  in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

54.     Plaintiffs and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class**

55.   Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-56.

56.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

57.   As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiffs and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

58.   Plaintiffs and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against Defendant for the following:

### **FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiffs and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B).*
- Any and all other relief that the Court deems just and proper.

### **SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the ATDS Class members are

entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.

- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

- As a result of Defendant's negligent violations of *47 U.S.C. §227(c)(5),* Plaintiffs and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiffs and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

59.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

///
///
///
///
///
///
///

---

Respectfully Submitted this 9th Day of May, 2018.

                          FLORIDA LEGAL, LLC
                      By:   /s/ Raymond R. Dieppa
                            Raymond R. Dieppa
                            Florida Legal, LLC
                            Attorney for Plaintiff

Raymond R. Dieppa (SBN 27690)
Florida Legal, LLC
14 NE First Ave, Suite 1001
Miami, FL 33132
Phone: (305) 901-2209
Ray.dieppa@floridalegal.law

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing First Amended Complaint was served by the Electronic Filing System, on May 9, 2018, on the following counsel or parties of record: Garry W. O'Donnell, Esq., Greenspoon Marder LLP, One Boca Place, 2255 Glades Road, Suite 400-E, Boca Raton, Florida 33431, garry.odonnell@gmlaw.com, jaye.keckeis@gmlaw.com.

s/ Raymond R. Dieppa
Raymond R. Dieppa

Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
twheeler@toddflaw.com
**Attorneys for Plaintiffs**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LUCINE TRIM** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ETHOS TECHNOLOGIES INC.;** DOES 1-10 inclusive**,**<br><br>Defendant. | **Case No.:** 2:21-cv-09857<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1.     LUCINE TRIM ("Trim") ("Plaintiff"), brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of ETHOS TECHNOLOGIES INC. ("Defendant"), in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all

other matters, upon information and belief, including investigation conducted by her attorneys.

2.    The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls and messages are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.    TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.    Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

5.    In a recent decision, the Supreme Court interpreted the term "automatic telephone dialing system" and held that "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a

telephone number using a random or sequential generator **or** to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021) (emphasis added).

6.      In *Duguid*, the Supreme Court provided an example of such systems, stating: "For instance, an autodialer might use a random number generator to determine the order in which to pick phone numbers from a preproduced list. It would then store those numbers to be dialed at a later time." *Id.* at 1171-72 fn. 7.

7.      Further, both *Duguid* and the legislative history of the TCPA are clear that the original focus on prerecorded voice technology prohibition was the fact that such communications involved agentless calls, not on the question of whether a literal voice was used during those agentless calls. *See* Hearing Before the Subcommittee on Communications of the Committee on Commerce, Science and Transportation, United States Senate One Hundred Second Congress First Session July 24, 1992, Testimony of Robert Bulmash and Steve Hamm at pg 11; 7 FCC Rcd. 8752 (F.C.C. September 17, 1992).

8.      The Sixth Circuit has also recognized this distinction: "Congress drew an explicit distinction between 'automated telephone calls that deliver an artificial or prerecorded voice message' on the one hand and 'calls place by 'live' persons' on the other." *Ashland Hosp. Corp. v. Serv. Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737,743 (6th Cir. 2013).

9.      Similarly, the FTC has observed that "prerecorded calls are by their very nature one-sided conversations, and if there is no opportunity for consumers to ask questions, offers may not be sufficiently clear for consumers to make informed choices before pressing a button or saying yes to make a purchase." 73 FR 51164-01, 51167 (Aug. 29, 2008).

///

///

## JURISDICTION AND VENUE

10.     Jurisdiction is proper under *28 U.S.C. § 1331* because Plaintiff, alleges claims under the TCPA, a federal law.

11.     Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California.

## PARTIES

12.     Plaintiff is, and at all times mentioned herein, was a citizen and resident of the State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).  Plaintiff was physically in California at the time she received the alleged text messages from Defendant.

13.     Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation of the state of Delaware.  Defendant, and all of its agents, are and at all times mentioned herein were "persons," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

## FACTUAL ALLEGATIONS

14.     At all times relevant, Plaintiff was a citizen of Los Angeles County, and a citizen of the State of California.  Plaintiff is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (39).

15.     Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39).

16.     At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

17.     On or about July 30, 2021, Plaintiff received a text message from Defendant on her cellular telephone number ending in -2347, from a cellular

telephone number believed to be owned and operated by Defendant, (858) 465-4853.

18.     During this time, Defendant began to use Plaintiff's cellular telephones for the purpose of sending Plaintiff spam advertisements and/or promotional offers, via text messages.

19.     Plaintiff started receiving frequent text messages from Defendant that sought to solicit its life insurance plans.

20.     One such text message sent by Defendant, dated July 31, 2021, read:
    "Lucy,
    As I mentioned earlier, I'd like to help you find a simple, affordable life insurance plan to protect your family, so let's do it our way.
    Click   here   for   a   fast   and   easy   online   quote: https://agents.ethoslife.com/invite/rsfgroup"

21.     Based on the content and format of these text messages, Plaintiff alleges that they were sent via Defendant's SMS Blasting Platform, i.e., an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

22.     The text message sent to Plaintiff's cellular telephone was not sent by a live agent and thus created a one-sided conversation in which Plaintiff could not receive a response to her questions and/or concerns. The text message also was sent in an automated fashion as a result of computerized campaigns that were pre-programmed in advance to send messages out to large groups of consumers all at once, either sequentially or via algorithmic dialing, i.e. in an automated fashion by a computer.

23.     In Merriam Webster's Dictionary, "voice" is defined as "an instrument or medium of expression."   It defines "artificial" as "humanly contrived…often on a natural model : MAN-MADE" and "lacking in natural or spontaneous quality."

24.     The messages sent to Plaintiff by Defendant using the SMS blasting platform employed a text message as an instrument or medium of expression to deliver an automatic message drafted in advance of being sent, i.e. that of an SMS message, to convey a telemarketing communication to Plaintiff.  SMS blasting platforms are man-made humanly contrived programs which allow companies to blast out such messages via non-spontaneous methods, i.e. automated methods similar to that of an assembly line in a factory.  Such SMS blasting devices are incapable of spontaneity, as they must be programmed by the operator to automatically send messages out, *en masse*, pursuant to preprogrammed parameters.

25.     Accordingly, Defendant's messages utilized an "artificial voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

26.     In Merriam Webster's Dictionary, "prerecorded" is defined as "recorded in advance."  "Recorded" is defined as "to set down in writing."  The text message sent to Plaintiff's cellular telephone via an SMS blasting platform was set down in writing in advance by Defendant, whose employees wrote out the standard automated messages that were to be sent to Plaintiff and other class members, and by way of preprogrammed SMS blasting, entered the prerecorded message into the SMS Blasting platform, and thereafter sent these messages pursuant to scheduled blasts that were programmed by Defendant. Thus, Defendant employed a text message as an instrument or medium of expression to deliver a prerecorded message drafted in advance of being sent.

27.     Thus, Defendant's messages utilized a "prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

28.     The telephone number that Defendant, or their agent texted were assigned to a cellular telephone service for which Plaintiff incur charges for incoming texts pursuant to 47 U.S.C. § 227 (b)(1).

29.     These text messages constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

30.     Plaintiff was never a customer of Defendant and never provided her cellular telephone number to Defendant or its lead vendor for any reason whatsoever. Accordingly, Defendant and their agents never received Plaintiff's prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

31.     Further, Plaintiff's cellular telephone number ending in -2347 had been on the National Do-Not-Call Registry well over thirty (30) days prior to Defendant's initial text message.

32.     Defendant sent multiple text messages soliciting its business to Plaintiff on her cellular telephone ending in -2347 in or around July 2021 to August 2021.

33.     Such text messages constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

34.     Plaintiff received at least four text messages from Defendant within a 12-month period.

35.     Upon information and belief, and based on Plaintiff's experience of being messages by Defendant after being on the National Do-Not-Call list for months prior to Defendant's initial calls, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

36.     These text messages by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1) and 47 U.S.C. § 227(c).

///
///
///

## CLASS ACTION ALLEGATIONS

37.    Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated, as a member of the two proposed Classes (together, the "Classes").

38.    Plaintiff represents, and is a member of, the ATDS Class ("ATDS Class"), defined as follows: all persons within the United States who received any unsolicited text messages sent using an ATDS or an artificial or prerecorded voice from Defendant, which text message was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of the Complaint through the date of class certification.

39.    Plaintiff represents, and is a member of, the DNC Class ("DNC Class"), defined as follows: all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one text message sent by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the Complaint through the date of class certification.

40.    Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Class members number in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

41.    This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

42. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

43. Plaintiff and members of the ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiff and the ATDS Class members via their cellular telephones by using marketing and text messages, thereby causing Plaintiff and the ATDS Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the ATDS Class members previously paid, and invading the privacy of said Plaintiff and the ATDS Class members. Plaintiff and the ATDS Class members were damaged thereby.

44. There is a well-defined community of interest in the questions of law and fact involved affecting the ATDS Class members. The questions of law and fact common to the ATDS Class predominate over questions which may affect individual ATDS Class members, including the following:

a) Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendant or their agents sent any text messages (other than a message made for emergency purposes or made with the prior express consent of the called party) to an ATDS Class member using any automatic dialing system or artificial or prerecorded voice to any telephone number assigned to a cellular phone service;

b) Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

c) Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

45. As a person that received at least one solicitation text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the ATDS Class. Plaintiff will fairly and adequately represent and protect the interests

of the ATDS Class in that Plaintiff has no interests antagonistic to any member of the ATDS Class.

46. Plaintiff and members of the DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the DNC Class members via their cellular telephones for solicitation purposes, thereby invading the privacy of Plaintiff and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the DNC Class members were damaged thereby.

47. There is a well-defined community of interest in the questions of law and fact involved affecting the DNC Class members. The questions of law and fact common to the DNC Class predominate over questions which may affect individual DNC Class members, including the following:

    a. Whether, within four years prior to the filing of this complaint through the date of class certification, Defendant or its agents sent more than one solicitation text to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry for over thirty days and who had not granted prior express consent to Defendant and did not have an established business relationship with Defendant;

    b. Whether Defendant obtained prior express written consent to send solicitation texts to Plaintiff's or the DNC Class members' telephones;

    c. Whether Plaintiff and the DNC Class members were damaged thereby, and the extent of damages for such violation; and

    d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

48. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In

addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual member's claims, few, if any, members of these Classes could afford to seek legal redress for the wrongs complained of herein.

49. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

50. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of the Classes' members in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

51. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(B)
### ON BEHALF OF THE ATDS CLASS

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(b).

54. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b), Plaintiff and the ATDS Class members are entitled to an award of $500.00 in

statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

55.     Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(B)
### ON BEHALF OF THE ATDS CLASS

56.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(b).

58.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the ATDS Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

59.     Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(C)
### ON BEHALF OF THE DNC CLASS

60.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each

and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

62.   As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

63.   Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(C)
### ON BEHALF OF THE DNC CLASS

64.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

66.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

67.   Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and members of the Classes, the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227(B)

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each ATDS Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF
### THE TCPA, 47 U.S.C. § 227(B)

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each ATDS Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### THIRD CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
### THE TCPA, 47 U.S.C. § 227(C)

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for herself and each DNC Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).
- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### FOURTH CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF
### THE TCPA, 47 U.S.C. § 227(C)

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for herself and each DNC Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).
- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

68.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 22, 2021                    Respectfully submitted,

**THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By:   _/s/ Todd M. Friedman_____
                                TODD M .FRIEDMAN, ESQ.
                                ATTORNEY FOR PLAINTIFFS