IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCINE TRIM,<br><br>    Plaintiff,<br><br>    v.<br><br>MAYVENN, INC.,<br><br>    Defendant. | Case No. 20-cv-03917-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DENY CLASS CERTIFICATION** |

    Before the Court is the "Motion to Deny Class Certification," filed August 19, 2022, by defendant Mayvenn, Inc. ("Mayvenn"). Plaintiff Lucine Trim ("Trim") has filed opposition, to which Mayvenn has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

    In the operative complaint, the First Amended Complaint ("FAC"), Trim alleges that, although her cellular phone number is registered on the National Do Not Call Registry (hereinafter, "NDNC Registry"), Mayvenn nonetheless sent two automated text messages to said number without her consent. (See FAC ¶¶ 41, 45, 48.) Based on the above-referenced allegation, Trim asserts, on behalf of herself and a putative class,[2] a

---

[1] By order filed October 24, 2022, the Court took the matter under submission.

[2] Trim's proposed class (the "NDNC Registry Class") includes "[a]ll persons in the United States whose (a) telephone numbers were on the [NDNC] Registry for at least 31 days, and (b) who received more than one telemarketing call from or on behalf of Defendant (c) within a 12-month period, (d) for a substantially similar purpose that Defendant called Plaintiff (e) between the date four years before the filing of the original complaint in this case and the first day of trial." (See FAC ¶ 50.)

claim for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.[3] (See FAC ¶¶ 70-74.) By the instant motion, Mayvenn seeks an order denying certification of the NDNC Registry Class on the asserted ground that Trim is an improper class representative. (See Mot. at 6:11-14.)[4]

       A district court may not certify a class unless the named plaintiff has "establish[ed] the four prerequisites of [Rule] 23(a)," see Valentino v. Carter–Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996), namely: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class," see Fed. R. Civ. P. 23(a); see also Nghiem v. Dick's Sporting Goods, Inc., 318 F.R.D. 375, 379 (C.D. Cal. Dec. 1, 2016) (noting "[t]he party seeking certification . . . bears the burden of showing that each of the four requirements of Rule 23(a) . . . are met"). Here, Mayvenn contends Trim cannot meet her burden under Rule 23(a)'s typicality and adequacy requirements.

       First, Mayvenn argues, Trim's alleged use of her personal cellular phone for business purposes raises a "unique defense" that "renders her claims atypical under Rule 23(a)(3)[.]" (See Mot. at 14:26-28); see also Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (holding class certification not appropriate "where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation" (internal quotation and citation omitted)). The Court, on the record before it, agrees.

       "The test of typicality [under Rule 23(a)(3)] is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the

---

[3] On October 15, 2021, Trim voluntarily dismissed an additional TCPA claim.

[4] In citing to Mayvenn's motion, the Court has used herein the page number affixed to the top of each page by this district's electronic filing program.

named plaintiffs, and whether other class members have been injured by the same course of conduct." Id. (internal quotation and citation omitted).

Here, in order to maintain a claim on behalf of the NDNC Registry Class, Trim must prove she is a "residential telephone subscriber who has registered her telephone number on the national do-not-call registry," see 47 C.F.R. § 64.1200(c)(2); see also 20 FCC Rcd. 3788, 3793 (2005) (providing NDNC Registry applies only to calls made to "residential subscribers" and "does not preclude calls to businesses"), and this Court, in a prior order, has found there exists a "dispute of material fact as to whether Trim qualifies as a 'residential subscriber' for purposes of the TCPA" (see Order Denying Defendant's Motion for Summary Judgment, filed April 5, 2022 (hereinafter, "April 5 Order"), at 8:23-24).

Where, as here, the proper classification of a named plaintiff's cellular phone number creates a triable issue of fact, a number of district courts have found the named plaintiff cannot establish typicality under Rule 23(a) and, consequently, have found certification of an NDNC Registry class is not appropriate. See, e.g., Mattson v. New Penn Fin., LLC, No. 3:18-CV-00990-YY, 2021 WL 1406875, at *5 (D. Or. Mar. 8, 2021), report and recommendation adopted in part, 2021 WL 2888394 (D. Or. July 9, 2021) (granting defendant's motion to deny certification of NDNC Registry class; finding genuine issue of material fact as to "whether the subject number is a residential or business phone number . . . may well result in less attention to the issue which would be controlling for the rest of the class" and "could become a major focus of the litigation" (internal quotations, citations, and alteration omitted)); Cunningham v. Vivint, Inc., No. 219CV00568DBBCMR, 2022 WL 2291669, at *8 (D. Utah June 24, 2022) (granting motion to deny certification of NDNC Registry class; finding named plaintiff's "claims would not be typical of the class if his number is a business number rather than a residential number"). The Court finds the reasoning of such authorities persuasive, and, having found a triable issue of fact as to whether Trim qualifies as a "residential subscriber" for purposes of her NDNC Registry claim, (see April 5 Order at 8:23-24),

concludes Trim has not met her burden under Rule 23(a)(3).

Additionally, Mayvenn argues, Trim's "lack of credibility makes her an inadequate class representative." (See Mot. at 6:14.) The Court again agrees.

The test for adequacy under Rule 23(a)(4) is whether (1) "the named plaintiff[] and [his/her] counsel have any conflicts of interest with other class members" and (2) "the named plaintiff[] and [his/her] counsel [will] prosecute the action vigorously on behalf of the class[.]" See Evon v. L. Offs. of Sidney Mickell, 688 F.3d 1015, 1031 (9th Cir. 2012) (internal quotation and citation omitted). "It is self-evident that a [c]ourt[,]" in applying that test, "must be concerned with the integrity of individuals it designates as representatives for a large class of plaintiffs." See In re Computer Memories Sec. Litig., 111 F.R.D. 675, 682 (N.D. Cal. 1986) (citing Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 549 (1949)). In particular, "the honesty and credibility of a class representative is a relevant consideration when performing the [Rule 23(a)] adequacy inquiry because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims." See Nghiem, 318 F.R.D. at 383 (internal quotation, citation, and alteration omitted) (denying motion for class certification; finding named plaintiff, given credibility issues, could not "fairly and adequately protect the interests of the class as . . . required by Rule 23(a)"). Although "credibility problems do not automatically render a proposed class representative inadequate," a "finding of inadequacy based on the representative's credibility problems is . . . appropriate where the representative's credibility is seriously questioned on issues directly relevant to the litigation[.]" See Del Valle v. Global Exchange Vacation Club, 320 F.R.D. 50, 59 (C.D. Cal. 2017) (internal quotations, citations, and alteration omitted).

Here, Mayvenn contends, Trim has "serious credibility problems" on issues "go[ing] to the heart of the litigation" (see Mot. at 20:12; 20:26), and, in support thereof, highlights multiple contradictions in Trim's testimony pertaining to whether and to what extent she uses her personal cell phone number for personal and/or business purposes. In that regard, although Trim testified at her deposition that she uses her personal

cellphone number for sales calls to prospective customers (see Dep. Of Lucine Trim at 77:4-19),[5] she thereafter submitted, in opposing Mayvenn's Motion for Summary Judgment, an affidavit averring she "make[s] those sales calls" using a telephone number her "work provides" (see Aff. of Lucine Trim ¶¶ 4-6).[6]  Further, during an appearance as a guest on a videotaped program in which she was identified as an employee of Impact Merchant Solutions, Trim provided business tips and, while her personal cellular phone number flashed across the screen, invited viewers to "text or call" her.  (See Burshteyn MSJ Decl. Ex. F.)  Later, however, when, in an interrogatory, she was asked to "[s]tate . . . all instances where [she] listed [her] cellphone number in directories, postings, social media, or any public forum or media related to [her] work[,]" Trim stated "there are no [such] instances to identify" (see Pl. Resp. to Mayvenn's Third Set of Interrog. at 2).[7]

Although the above-referenced inconsistencies, all of which concern an issue central to this litigation, were brought to Trim's attention in the Court's April 5 Order as well as in Mayvenn's papers filed in support of the instant motion, Trim, in her Opposition, makes no effort to explain them.  Cf. Sicor Ltd. V. Cetus Corp., 51 F.3d 848, 859-60 (9th Cir. 1995) (holding where "the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight").[8]  Consequently, it is likely that Trim, if she remains as class representative, will have to devote much of her "time and resources trying to refute

---

[5] Excerpts from the Deposition of Lucine Trim are filed as Exhibit A to the Declaration of Michael Burshteyn in Support of Defendant's Motion for Summary Judgment (hereinafter, "Burshteyn MSJ Decl.").

[6] The Affidavit of Lucine Trim is filed as Exhibit B to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment.

[7] Trim's Response to Mayvenn's Third Set of Interrogatories is filed as Exhibit A to the Declaration of Michael Burshteyn in Support of Defendant's Motion to Deny Class Certification.

[8] Mayvenn also offers no explanation for several other instances, identified by Mayvenn in its moving papers (see Mot. at 18:15-19:7; 20:1-6), in which her testimony under oath was significantly contradicted by other evidence.

[Mayvenn's] attacks on [her] character," a "skewed focus and diversion of resources [that] will come at the expense of [her] ability to vigorously prosecute this case on behalf of the rest of the class[.]"  See Nghiem, 318 F.R.D. at 383.  Given such circumstances, the Court finds Trim has not met her burden under Rule 23(a)(4).[9]

Accordingly, for all of the reasons set forth above, Mayvenn's motion to deny class certification is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: December 12, 2022

MAXINE M. CHESNEY
United States District Judge

---

[9] In light of the above findings, the Court does not consider herein Mayvenn's alternative arguments in support of its motion.